THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| KARL KENDALL, SUZANNE RAINEY and VINCENZO PERNICE, individually and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PHARMACEUTICAL PRODUCT DEVELOPMENT, LLC, BOARD OF DIRECTORS OF PHARMACEUTICAL PRODUCT DEVELOPMENT, LLC, THE BENEFITS ADMINISTRATIVE COMMITTEE, and JOHN DOES 1-30.<br><br>Defendants. | Civil Action No. 7:20-cv-00071-D |

**CONSENT PROTECTIVE ORDER**

The Parties have agreed that certain categories of documents and information should receive confidential treatment. To that end, they have agreed to the terms of this Order.[1] Accordingly, it is ORDERED:

1. **Scope.** This Order permits Parties and Non-Parties to designate and disclose documents and information in this case as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY (the "Covered Information"), in accordance with the procedures set forth below. This Order will govern all Covered Information that a Party or Non-Party receives in discovery in the above-captioned

---

[1] The litigants in this case are Karl Kendall, Suzanne Rainey, and Vincenzo Pernice, Pharmaceutical Product Development, LLC, Board of Directors of Pharmaceutical Product Development, LLC, The Benefits Administrative Committee, and John Does 1-30 (each individually, a "Party" and collectively, the "Parties").

case. It does not restrict or otherwise govern a Party's or Non-Party's use of its own Covered Information. Documents that are available in the public domain are not Covered Information.

2. **Definitions**.

a. **"Confidential."** Information designated as "CONFIDENTIAL" is information that is not in the public domain and contains personal identifying information, confidential and proprietary business information, and any other information that may reasonably be characterized by a party as requiring confidential treatment to protect a legitimate business or other interest.

All Parties and Non-Parties will treat all CONFIDENTIAL information and all copies of CONFIDENTIAL information as subject to this Order unless and until the Court orders otherwise or the Parties mutually stipulate otherwise.

b. **"Confidential-Attorneys' Eyes Only."** Information designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" is information that the designating Party or Non-Party reasonably and in good faith believes is so competitively sensitive that its disclosure to another party could result in significant competitive or commercial disadvantage or other significant harm to the designating Party or Non-Party or another person.

3. **Form and Timing of Designation**.

a. **Documents**. A Party or Non-Party may designate a document as confidential by stamping the word(s) CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY on each page of the document in a manner which will not interfere with the document's legibility. If a document cannot be stamped on each page and is instead produced in native format in accordance with the agreed Stipulation Regarding the Collection and Production of Documents and Electronically Stored Information, a Party or Non-Party may designate the document (including but not limited to MS-Excel files) as confidential by (i)

stamping the word(s) CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY on a bates-numbered single-page .TIFF or .TIF image stamped "Produced in Native Format" and (ii) marking the native document with a similar notation in a manner that will not interfere with the document's legibility. Documents generally should be designated by the producing Party before, or contemporaneously with, the production or disclosure of the documents. But inadvertent or unintentional production of documents without prior designation will not be deemed a waiver, in whole or in part, of the right to designate documents as otherwise allowed by this Order.

**b. Deposition or Other Proceeding.** In the case of depositions or other pre-trial testimony, designation of the portion of the transcript (including exhibits) containing Covered Information will be made (i) by a statement to that effect on the record during the proceeding in which the testimony is received, or (ii) by written notice served on the court reporter and all counsel of record in this litigation within fourteen business days after receipt of the transcript. The court reporter will indicate the portions designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY and segregate them as appropriate. But before that fourteen-business-day period expires, all testimony, exhibits and transcripts of depositions or other testimony will be treated as CONFIDENTIAL-ATTORNEYS' EYES ONLY material.

**c. Written Discovery Responses.** Specific discovery responses (including responses and objections to interrogatories, requests for production of documents, and requests for admission) may be designated as confidential by marking the pages of the document that contain such information with the notation CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY.

**d. Non-Written Materials.** Any non-written Covered Information may be designated by labeling the outside of that non-written material with the words

- 3 -
Case 7:20-cv-00071-D   Document 35   Filed 07/27/21   Page 3 of 13

CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY. If a receiving Party generates any "hard copy" transcription or printout from any designated non-written materials, then the person who generates that "hard copy" transcription must affix the appropriate stamp under Paragraph 3(a) above and take reasonable steps to maintain the confidentiality of those materials.

    **e. Designation Of Materials Produced By Another Party or Non-Party.** A Party or Non-Party may designate as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY materials produced by another Party or Non-Party under this Order. Those designations generally should be made within 15 business days of receiving the production, to the extent practicable. But any failure to make the designation within that period will not be deemed a waiver, in whole or in part, of the right to designate documents as otherwise allowed by this Order. Parties and Non-Parties will comply with all reasonable requests to delay distribution of produced materials until such time as a Party or Non-Party can review the production to determine whether a designation is warranted.

    **4. Protection of Covered Information.**

    **a. General Protections.** No Covered Information will be used or disclosed for any purposes whatsoever other than preparing for and conducting the litigation. This restriction applies to all persons permitted to see Covered Information under this Order.

    **b. Disclosure of Covered Information.**

    (1) **Outside Counsel of Record and Court Personnel.** The following individuals may review CONFIDENTIAL and CONFIDENTIAL-ATTORNEYS' EYES ONLY documents and information without the prior approval of the opposing Party and without executing an acknowledgment (in the form set forth at Attachment A) that they have read and understand the terms

of this Order and are bound by it. Such documents must be used solely for purposes of this litigation.

    A. Outside counsel of record and all of their respective employees and document services vendors;

    B. The Court, any mediator that the Court orders or the Parties agree to, and their respective staffs; and

    C. Court reporters, videographers, and stenographers transcribing a deposition, conference, hearing, or trial.

(2) **Parties.**

    A. The Parties may review CONFIDENTIAL documents and information only after executing an acknowledgment (in the form set forth at Attachment A) that they have read and understand the terms of this Order and are bound by it. Such documents must be used solely for purposes of this litigation.

    B. The Parties may not review CONFIDENTIAL-ATTORNEYS' EYES ONLY documents and information.

    C. All signed acknowledgements by the Parties will be maintained by counsel of record and will be provided to the designating Party or Non-Party upon request.

(3) **Limited Disclosure of Covered Information.** The Parties, their counsel of record, and all of their respective employees and document services vendors will not disclose or permit the disclosure of any documents or information designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY under the terms of this Order to any other person or entity except those set forth below, and then only after the

- 5 -
Case 7:20-cv-00071-D   Document 35   Filed 07/27/21   Page 5 of 13

person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment A) that they have read and understand the terms of this Order and are bound by it. All signed acknowledgements of the following individuals will be maintained by counsel of record and will not be disclosed to opposing counsel unless the Parties agree to disclosure or the Court finds that disclosure is necessary to investigate a violation of this Order. Subject to those requirements, the following categories of persons may be allowed to review information designated CONFIDENTIAL and CONFIDENTIAL-ATTORNEYS' EYES ONLY under this Order:

A. Investigators, settlement administrators, or expert witnesses retained by the Parties or their counsel of record in connection with the litigation;

B. Witnesses and their counsel in preparation for or during depositions, court-mandated conferences or hearings, or the trial of this case, provided that (a) the record reflects that the witness is already familiar with the subject matter of the CONFIDENTIAL information and (b) no copies of CONFIDENTIAL material may be retained by such witnesses or their counsel;

C. Individuals who authored, prepared, or previously received the information;

D. Insurance companies from which Defendants have sought or may seek coverage to (i) provide or reimburse for the defense of this litigation or (ii) satisfy all or part of any judgment;

E. Any other persons upon consent of the designating Party or Non-Party or upon order of the Court.

**c. Copies.** All copies, duplicates, extracts, summaries, or descriptions of Covered Information designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY under this Order, or any portion of such a document, must be affixed with the appropriate designation if it does not already appear on the copy. The copies, duplicates, extracts, summaries, or descriptions will be afforded the full protection of this Order.

**5. Filing of Covered Information.** Before filing any Covered Information designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY under this Order with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. Subject to Paragraph 6, any Party seeking to file Covered Information with the Court must contact the designating Party or Non-Party 5 business days before the filing to: (a) provide the designating Party or Non-Party with notice that it seeks to file Covered Information with the Court; and (b) meet and confer in good faith to determine whether a redacted version of the Covered Information can be filed with the Court. If the party that produced the information so designated cannot file a redacted version and desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rule 79.2, EDNC, with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court, however. Within 10 days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The party that initially filed the materials need not file any such Motion to Seal or otherwise

defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court. The Parties must work together in good faith to coordinate the filing of all motions and material covered by this paragraph to permit compliance with the Local Rules.

  **6.** **Challenges to Designation.** Any designation is subject to challenge according to the following procedures:

  **a.** The burden of proving the necessity of a designation remains with the Party or Non-Party asserting confidentiality.

  **b.** A Party or Non-Party who contends that documents designated are not entitled to confidential treatment must give written notice to the designating Party or Non-Party of the specific documents (by Bates number) and specific basis for the challenge. The designating Party or Non-Party will have 15 days from service of the written notice to meet and confer in good faith with the other Party or Non-Party to determine whether the dispute can be resolved without judicial intervention. If no resolution is reached, the Party challenging the designation may move the Court for an order removing the designation, and any papers filed in support of or in opposition to this motion must, to the extent necessary, be filed under seal to preserve the claimed confidentiality of the material.

**c.** Notwithstanding any challenge to the designation of documents, all material previously designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY must continue to be treated as subject to the full protections of this Order until either (1) the Party or Non-Party claiming the designation withdraws such designation in writing or (2) the Court rules that the documents should no longer be designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY.

**d.** Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

**7.** **Inadvertent Production of Privileged Information or Work Product.** Consistent with Rule 502 of the Federal Rules of Evidence, the inadvertent disclosure of protected communications or information will not constitute a waiver of any privilege or other protection (including work product) . Upon realizing an inadvertent disclosure, the producing Party will notify the receiving Party of the inadvertent disclosure and instruct the receiving Party to promptly sequester, return, delete, or destroy all copies of the inadvertently produced communications or information (including any and all work product containing such communications or information). Upon receiving such a request from the producing Party, the receiving Party must promptly sequester, return, delete, or destroy all copies of such inadvertently produced communications or information (including any work product containing such communications or information), and must make no further use of such communications or information (or work product containing such communications or information). Nothing in this Order prevents the receiving Party from challenging the propriety of the attorney-client, work product, or other designation of protection.

**8. Treatment on Conclusion of Litigation.**

**a. Order Remains in Effect.** The Court will retain continuing jurisdiction after the conclusion of this litigation, including without limitation during any appeal, to enforce the provisions of this Order, in accordance with its contempt powers and with all other powers provided for in this Order. The ultimate disposition of protected materials is subject to a final order of the Court on the completion of the litigation.

**b. Return of Designated Documents.** Subject to any final order of the Court on the completion of the litigation, within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY under this Order must be returned to the producing Party or Non-Party unless: (1) the document has been entered as evidence or filed in Court; or (2) the receiving Party opts for destruction in lieu of return, in which case the receiving Party should provide prompt notice of this election and provide a certification that it has destroyed all applicable Covered Information within thirty (30) days after the conclusion of the litigation. Notwithstanding the above requirements to return or destroy documents, counsel of record may retain attorney work product, without limitation. An attorney may use his or her work product in a subsequent litigation provided that such use does not disclose the confidential information.

**9. Order Subject to Modification.** This Order is subject to modification on the motion of any Party. The Order will not, however, be modified until the Parties have been given notice and an opportunity to be heard on the proposed modification.

**10. No Judicial Determination.** This Order is entered for the purpose of facilitating discovery and protecting confidentiality. Nothing in the Order will be construed or presented as a judicial determination that any specific document or

item of information designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until a document-specific ruling has been made.

      11.    **Persons Bound.** This Order is effective upon being entered and binds: (1) counsel of record who signed below and their respective law firms; (2) their respective clients; and (3) Non-Parties.

      12.    **Relief from Order.** A Party or Non-Party needing relief from the provisions of this Order may, if agreement between or among the Parties cannot be reached, seek appropriate relief from the Court upon due notice to all other Parties. This Order is without prejudice to all rights of Parties and Non-Parties regarding objections as to discovery and admissibility as set forth in this Court's Local Civil Rules and Federal Rules of Civil Procedure. Each Party specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law.

      13.    **Service of Order.** The Parties will serve a copy of this Order simultaneously with any subpoena or other discovery request made to a Non-Party.

IT IS SO ORDERED:

Dated: July 27, 2021

                                      */s/ Robert T. Numbers II*
                                      Robert T. Numbers, II
                                      United States Magistrate Judge

# ATTACHMENT A

## ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND

## THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## SOUTHERN DIVISION

| | |
|---|---|
| KARL KENDALL, SUZANNE RAINEY and VINCENZO PERNICE, individually and on behalf of those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> PHARMACEUTICAL PRODUCT DEVELOPMENT, LLC, BOARD OF DIRECTORS OF PHARMACEUTICAL PRODUCT DEVELOPMENT, LLC, THE BENEFITS ADMINISTRATIVE COMMITTEE, and JOHN DOES 1-30. <br><br> Defendants. | Civil Action No. 7:20-cv-00071-D |

## **ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he or she has read the Order dated [_____], in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of North Carolina in matters relating to the Order and understands that the terms of said Order obligate him/her to use discovery materials designated CONFIDENTIAL solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm or concern.

The undersigned acknowledges that violation of the Order may result in penalties for contempt of court.

      Name: _____

      Job Title: _____

      Employer: _____

Business Address: _____

Date: _____

Signature: _____